**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**THOMAS GATLIN, individually
and on behalf of all others similarly situated**                                      **PLAINTIFFS**

**v.**                        **No. 4:19-cv-282-BSM**

**LARY K. ZENO, III; ROCK SOLID
RESTORATION AND CONSTRUCTION, LLC;
and ROCK SOLID STAFFING, LLC**                                   **DEFENDANTS**

## ANSWER TO ORIGINAL COMPLAINT – COLLECTIVE ACTION

Defendants Lary K. Zeno, III, Rock Solid Restoration and Construction, LLC, and Rock Solid Staffing, LLC, by and through their attorneys Mitchell, Williams, Selig, Gates & Woodyard, P.L.L.C., for their Answer to the Original Complaint – Collective Action (the "Complaint"), state:

### I. INTRODUCTION

1. Defendants admit only that Plaintiff purports to bring a collective action and seeks to certify a collective action. Defendants deny that Plaintiff is entitled to certification of a collective action. The remaining allegations in Paragraph 1 of the Complaint are denied.

2. Defendants admit only that Plaintiff brings this lawsuit asserting violations of the Fair Labor Standards Act and the Arkansas Minimum Wage Act. The remaining allegations in Paragraph 2 of the Complaint are denied.

3. Defendants admit only that Plaintiff seeks the relief specified. Defendants deny that Plaintiff is entitled to any relief whatsoever. The remaining allegations in Paragraph 3 of the Complaint are denied.

4. Defendants admit only that Plaintiff seeks the relief specified. Defendants deny that Plaintiff is entitled to any relief whatsoever. The remaining allegations in Paragraph 4 of the Complaint are denied.

## II. JURISDICTION, AND VENUE

5. Defendants admit that this Court has jurisdiction over this action as alleged in Paragraph 5 of the Complaint.

6. Defendants admit that the allegations underlying Plaintiff's federal and state law claims arise out of the same alleged transaction or occurrence. Any remaining allegations in Paragraph 6 of the Complaint are denied.

7. Defendants admit that this Court has the discretion to exercise supplemental jurisdiction over Plaintiff's AMWA claims as alleged in Paragraph 7 of the Complaint.

8. Defendants admit that Rock Solid Restoration and Construction, LLC and Rock Solid Staffing, LLC conduct business within the State of Arkansas, with their principal places of business in North Little Rock. The remaining allegations in Paragraph 8 of the Complaint are denied.

9. Defendants admit that venue is proper in the Eastern District of Arkansas, Western Division, and that this Court has personal jurisdiction over Defendants. The remaining allegations in Paragraph 9 of the Complaint are denied.

10. Defendants admit that venue is proper in the Eastern District of Arkansas, Western Division. The remaining allegations in Paragraph 10 of the Complaint are denied.

## III. THE PARTIES

11. Defendants restate and re-allege all previous paragraphs in this Answer as if fully stated herein.

12. Defendants are without sufficient information or knowledge to admit or deny the allegations in Paragraph 12 of the Complaint and therefore denies those allegations.

13. Defendants admit that during part of the three (3) years prior to the filing of this lawsuit, Plaintiff worked for Rock Solid Restoration and Construction, LLC as an hourly-paid employee and that Rock Solid Restoration and Construction, LLC provides services throughout Arkansas and in some surrounding states. The remaining allegations in Paragraph 13 of the Complaint are denied.

14. Defendants admit that Plaintiff worked for Rock Solid Restoration and Construction, LLC as an hourly-paid employee from March 2017 until July 2018. The remaining allegations in Paragraph 14 of the Complaint are denied.

15. The allegation in Paragraph 15 of the Complaint is a conclusion of law to which no response is required. To the extent a response is deemed required, the allegation in Paragraph 15 of the Complaint is denied.

16. The allegation in Paragraph 16 of the Complaint is a conclusion of law to which no response is required. To the extent a response is deemed required, the allegation in Paragraph 16 of the Complaint is denied.

17. Defendants admit the allegations in Paragraph 17 of the Complaint.

18. Defendants admit that Lary Zeno owns Rock Solid Restoration and Construction, LLC and Rock Solid Staffing, LLC and that Rock Solid Restoration and Construction, LLC and Rock Solid Staffing, LLC share a website with Rock Solid Removal, LLC. The remaining allegations in Paragraph 18 of the Complaint are denied.

19. Defendants admit that Rock Solid Restoration and Construction, LLC is a domestic limited liability company organized and conducting business under the laws of the

State of Arkansas, and may be served through its registered agent Lary Zeno. The remaining allegations in Paragraph 19 of the Complaint are denied.

20. Defendants admit that Rock Solid Restoration and Construction, LLC is a licensed general contractor and provides commercial maintenance for apartment complexes, tree removal, concrete restoration, and roof repairs.

21. Defendants admit the allegations in Paragraph 21 of the Complaint.

22. Defendants admit that Rock Solid Staffing, LLC offers full-service career and job placement services throughout the State of Arkansas. The remaining allegations in Paragraph 22 of the Complaint are denied.

23. Defendants admit that the website for the Arkansas Secretary of State lists 4801 Crystal Hill Road, North Little Rock, Arkansas 72118 as the principal addresses for Rock Solid Restoration and Construction, LLC and Rock Solid Staffing, LLC. The remaining allegations in Paragraph 23 of the Complaint are denied.

24. The allegations in Paragraph 24 of the Complaint are denied.

25. The allegations in Paragraph 25 of the Complaint are denied.

26. Whether Defendants acted jointly as "employers" within the meanings set forth in the FLSA and AMWA are conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny those allegations. The remaining allegations in Paragraph 26 of the Complaint are denied.

27. The allegations in Paragraph 27 of the Complaint are denied.

28. The allegations in Paragraph 28 of the Complaint are denied.

29. Defendants admit that Rock Solid Restoration and Construction, LLC had annual gross volume of sales or business done in excess of $500,000.00 during each of the three

calendar years preceding the filing of the Complaint. Defendants deny the remaining allegations in Paragraph 29 of the Complaint.

30. Defendants admit that in the three years preceding the filing of the Complaint, Rock Solid Restoration and Construction, LLC employed at least two individuals who worked with construction tools and equipment. The remaining allegations in Paragraph 30 of the Complaint are denied.

31. The allegations in Paragraph 31 of the Complaint are conclusions of law to which no response is required. To the extent a response is deemed required, the allegations in Paragraph 31 of the Complaint are denied.

32. Defendants admit that in the three years preceding the filing of the Complaint, Rock Solid Restoration and Construction, LLC employed at least four individuals. The remaining allegations in Paragraph 32 of the Complaint are denied.

### IV. FACTUAL ALLEGATIONS

33. Defendants restate and re-allege all preceding paragraphs in this Answer as if fully stated herein.

34. Defendants admit that during part of the three (3) years prior to the filing of this lawsuit, Plaintiff worked for Rock Solid Restoration and Construction, LLC as an hourly-paid employee. The remaining allegations in Paragraph 34 of the Complaint are denied.

35. Defendants admit that during part of the three (3) years prior to the filing of this lawsuit, Plaintiff and other hourly employees worked for Rock Solid Restoration and Construction, LLC as hourly-paid employees in Arkansas. The remaining allegations in Paragraph 35 of the Complaint are denied.

36. The allegations in Paragraph 36 of the Complaint are denied.

37. Defendants admit that Plaintiff's job duties included construction, performing roof repairs and repairing apartment units for rental. The remaining allegations in Paragraph 37 of the Complaint are denied.

38. The allegations in Paragraph 38 of the Complaint are denied.

39. The allegations in Paragraph 39 of the Complaint are denied.

40. Defendants admit that during part of the three (3) years prior to the filing of this lawsuit, Plaintiff worked for Rock Solid Restoration and Construction, LLC as an hourly-paid employee. The remaining allegations in Paragraph 40 of the Complaint are denied.

41. The allegations in Paragraph 41 of the Complaint are denied.

42. The allegations in Paragraph 42 of the Complaint are denied.

43. The allegations in Paragraph 43 of the Complaint are denied.

44. The allegations in Paragraph 44 of the Complaint are denied.

45. The allegations in Paragraph 45 of the Complaint are denied.

46. The allegations in Paragraph 46 of the Complaint are denied.

47. Defendants admit that Plaintiff had no investment in the business of Rock Solid Restoration & Construction, LLC or the business of Rock Solid Staffing, LLC. The remaining allegations in Paragraph 47 of the Complaint are denied.

48. Defendants admit that during part of the three (3) years prior to the filing of this lawsuit, Plaintiff worked for Rock Solid Restoration and Construction, LLC as an hourly-paid employee. The remaining allegations in Paragraph 48 of the Complaint are denied.

49. Defendants admit that Plaintiff and certain other hourly employees routinely used and handle items and goods such as tools, building supplies and office supplies. The remaining

allegations in Paragraph 49 of the Complaint are conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny those allegations.

50. The allegations in Paragraph 50 of the Complaint are denied.

### V. REPRESENTATIVE ACTION ALLEGATIONS

51. Defendants repeat and re-allege all preceding paragraphs in this Answer as if fully stated herein.

52. Defendants admit that Plaintiff purports to bring this action for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b). Defendants deny that this action is suitable for conditional certification as a collective action pursuant to the FLSA.

53. Defendants admit that Plaintiff purports to bring this action on behalf of all hourly-paid workers employed by Defendants at any time within the statute of limitations period, but Defendants deny that this action is suitable for conditional certification as a collective action pursuant to the FLSA. Defendants deny the remaining allegations in Paragraph 53 of the Complaint, including subparts (A) through (C).

54. Defendants admit that attached to the Complaint is what Plaintiff represents to be his written consent to join this lawsuit as alleged in Paragraph 54 of the Complaint. Whether the attached written consent is in conformity with the requirements of the FLSA is a conclusion of law to which no response is required. To the extent a response is deemed required, Defendants deny the allegation.

55. Defendants affirmatively state that 29 U.S.C. § 255(a) speaks for itself. To the extent the allegations in Paragraph 55 of the Complaint are inconsistent with the applicable statute and with the facts of this case, those allegations are denied.

56. The allegations in Paragraph 56 of the Complaint and subparts (A) through (C) are conclusions of law to which no response is required. To the extent a response is deemed required, the allegations in Paragraph 56 of the Complaint and its subparts (A) through (C) are denied. The remaining allegations in Paragraph 56 of the Complaint are denied.

57. Defendants are without sufficient information or knowledge to admit or deny the allegations in Paragraph 57 of the Complaint as to what Plaintiff is able to state or as to what Plaintiff believes and therefore denies the allegations.

58. Defendants deny that this action is suitable for conditional certification as a collective action pursuant to the FLSA. Therefore, the allegations in Paragraph 58 of the Complaint are denied.

## VI. FIRST CAUSE OF ACTION
### (INDIVIDUAL CLAIM FOR VIOLATION OF FLSA)

59. Defendants restate and re-allege the preceding paragraphs of the Answer as if fully stated herein.

60. Defendants admit that Plaintiff purports to assert this claim for damages and declaratory relief pursuant to the FLSA, but deny that he is entitled to the relief requested.

61. The allegations in Paragraph 61 of the Complaint are conclusions of law to which no response is required. To the extent a response is deemed required, the allegations in Paragraph 61 of the Complaint are denied.

62. The allegations in Paragraph 62 of the Complaint are conclusions of law to which no response is required. To the extent a response is deemed required, the allegations in Paragraph 62 of the Complaint are denied.

63. The allegations in Paragraph 63 of the Complaint are conclusions of law to which no response is required. To the extent a response is deemed required, the allegations in Paragraph 63 of the Complaint are denied.

64. Defendants affirmatively state that 29 U.S.C. §§ 206, 207 and 213 speak for themselves. The allegations in Paragraph 64 of the Complaint are denied to the extent they are inconsistent with or contradict the text of 29 U.S.C. §§ 206, 207 and 213.

65. The allegations in Paragraph 65 of the Complaint are denied.

66. The allegations in Paragraph 66 of the Complaint are denied.

67. The allegations in Paragraph 67 of the Complaint are denied.

68. The allegations in Paragraph 68 of the Complaint are denied.

### VII. SECOND CAUSE OF ACTION
### (COLLECTIVE ACTION CLAIM FOR VIOLATION OF FLSA)

69. Defendants restate and re-allege the preceding paragraphs of the Answer as if fully stated herein.

70. Defendants admit only that Plaintiff purports to bring this action on behalf of all other hourly-paid workers as alleged in Paragraph 70 of the Complaint, but deny that Plaintiff or any other putative class member is entitled to the relief requested.

71. Defendants admit only that Plaintiff purports to bring this action on behalf of all other hourly-paid employees, former and present, as alleged in Paragraph 71 of the Complaint. Defendants deny the remaining allegations in Paragraph 71 of the Complaint.

72. Defendants affirmatively state that 29 U.S.C. §§ 206, 207 and 213 speak for themselves. The allegations in Paragraph 72 of the Complaint are denied to the extent they are inconsistent with or contradict the text of 29 U.S.C. §§ 206, 207 and 213.

73. The allegations in Paragraph 73 of the Complaint are denied.

74. The allegations in Paragraph 74 of the Complaint are denied.

75. Defendants deny that this action is suitable for conditional certification as a collective action pursuant to the FLSA. Therefore, the allegations in Paragraph 75 of the Complaint are denied.

76. The allegations in Paragraph 76 of the Complaint are denied.

77. The allegations in Paragraph 77 of the Complaint are denied.

78. The allegations in Paragraph 78 of the Complaint are denied.

### VIII. THIRD CAUSE OF ACTION
### (INDIVIDUAL CLAIM FOR VIOLATION OF THE AMWA)

79. Defendants restate and re-allege the preceding paragraphs of the Answer as if fully stated herein.

80. Defendants admit that Plaintiff purports to assert a claim for damages and declaratory relief pursuant to the AMWA, but deny that he is entitled to the relief requested.

81. The allegations in Paragraph 81 of the Complaint are conclusions of law to which no response is required. To the extent a response is deemed required, the allegations in Paragraph 81 of the Complaint are denied.

82. Defendants affirmatively state that Ark. Code Ann. §§ 11-4-210, 211 and 213 speak for themselves. The allegations in Paragraph 82 of the Complaint are denied to the extent they are inconsistent with or contradict the text of Ark. Code Ann. §§ 11-4-210, 211 and 213.

83. The allegations in Paragraph 83 of the Complaint are denied.

84. The allegations in Paragraph 84 of the Complaint are denied.

85. The allegations in Paragraph 85 of the Complaint are denied.

86. The allegations in Paragraph 86 of the Complaint are denied.

87. The allegations in Paragraph 87 of the Complaint are denied.

## X. PRAYER FOR RELIEF

88. Defendants deny that Plaintiff and putative class members are entitled to the relief described in the "WHEREFORE" clause including subparts (A) through (H), or any relief whatsoever.

89. Defendants demand a trial by jury for all issues not otherwise resolved by dispositive motion.

90. Defendants deny each and every material allegation in Plaintiff's Complaint unless specifically admitted herein.

## AFFIRMATIVE AND OTHER DEFENSES

In addition to the foregoing denials, Defendants state affirmative and other defenses to Plaintiff's Complaint as follows:

91. Defendants have at all times attempted, in good faith, to comply with the provisions of the FLSA and the AMWA, and had reasonable grounds for believing they were in compliance.

92. Some or all of the allegations in Plaintiff's Complaint fail to state a claim upon which relief can be granted.

93. Plaintiff's claims are barred to the extent that Plaintiff has failed to plead a prima facie case arising under the Fair Labor Standards Act or the Arkansas Minimum Wage Act.

94. Plaintiff's claims, and those claims of any other person on whose behalf Plaintiff seeks to assert a claim under the Fair Labor Standards Act or the Arkansas Minimum Wage Act, are barred to the extent that Plaintiff seeks damages beyond the applicable limitations periods.

95. Plaintiff is not similarly situated to the putative class members, or to any other persons, and cannot satisfy the "similarly situated" requirements for a class action, thus barring collective action treatment.

96. Plaintiff's claims are barred to the extent that he lacks standing to bring the proposed collective action under the Fair Labor Standards Act.

97. Plaintiff's claims, and those claims of any other person on whose behalf Plaintiff seeks to assert a claim under the Fair Labor Standards Act, are barred to the extent that Defendants' actions have been taken in good faith, in conformity with, and reliance upon established rulings administrative regulations and interpretations of the acts.

98. Defendants have at all times acted in good faith and had reasonable grounds for believing that any alleged acts or omissions were not a violation of the applicable state or federal law. Accordingly, even if Defendants are found to have violated the Fair Labor Standards Act or the Arkansas Minimum Wage Act, Plaintiff is not entitled to recover liquidated damages. Defendants' good faith defenses to liquidated damages are specifically based upon federal Department of Labor regulations, Arkansas Department of Labor regulations, opinions and interpretations of the Fair Labor Standards Act by the Department of Labor and any other government agencies, and applicable case law.

99. No act or omission by Defendants was willful, knowing or in reckless disregard for the provisions of the law.

100. The claims of Plaintiff and any putative class members for damages are barred in whole or in part by exclusions, exceptions, credits or offsets permissible under the Fair Labor Standards Act.

101. Plaintiff's and other putative class members' claims are or may be barred in whole or in part by the affirmative defenses of waiver, release, payment, and accord and satisfaction.

102. Any damages or losses alleged by Plaintiff or the putative class members are subject to credit or set-off for any additional compensation paid.

103. Plaintiff and the putative class members have been paid their regular hourly rate for all hours worked and are only entitled to one-half their regular hourly rate for any hours worked in excess of 40 in a week.

104. Plaintiff's claims are barred on their own behalf or on behalf of putative class members as to all hours allegedly worked of which Defendants lacked constructive or actual knowledge.

105. Defendants reserve the right to assert additional defenses to Plaintiff's claims.

106. Some or all of Plaintiff's claims are barred by the equitable doctrines of estoppel, waiver, unclean hands, and after-acquired evidence.

107. Plaintiff's claims under the Fair Labor Standards Act and the Arkansas Minimum Wage Act, are barred to the extent that Plaintiff, or any other person on whose behalf plaintiffs seek to assert a claim, submitted false and inaccurate time records, including time spent commuting as compensable hours worked. In such situations, Plaintiff's claims are barred in whole or in part by the doctrines of estoppel and unclean hands.

108. Even if all of the allegations contained in Plaintiff's Complaint are true (which they are not), to the extent the time for which Plaintiff alleges that he, and any other person on whose behalf Plaintiff seeks to assert a claim, have not been compensated involve only

insubstantial or insignificant periods of time, these periods of time are "de minimis" and are not compensable under the Fair Labor Standards Act or the Arkansas Minimum Wage Act.

109. Plaintiff's claims under the Fair Labor Standards Act and the Arkansas Minimum Wage Act, are barred to the extent that Plaintiff, or any other person on whose behalf Plaintiff seeks to assert a claim, has been paid all wages due.

110. In calculating overtime liability, Defendants are entitled to an exclusion of all elements of Plaintiff's compensation or compensation of putative class members that are excludable from an employee's regular rate under federal or state law for purposes of calculating overtime, including, but not limited to, those elements that fall within Section 7(e) of the FLSA, 29 U.S.C. § 207(e), and for all time spent on preliminary or postliminary activities excludable from hours worked under 29 U.S.C. § 254.

111. Defendants are entitled to a credit against any overtime owed (if any) to Plaintiff or any putative class members for any amounts permitted under federal or state law to be credited toward any employer's overtime liability, included, but not limited to, those set forth in Section 7(h) of the FLSA, 29 U.S.C. § 207(h).

112. Plaintiff's claims are barred to the extent that Plaintiff seeks compensation for activities that are non-compensable under the Fair Labor Standards Act, the Arkansas Minimum Wage Act, the regulations established by the United States Department of Labor, and the regulations established by the Arkansas Department of Labor.

113. To the extent any Plaintiff or putative class member has filed for bankruptcy and failed to disclose his or her claims to the bankruptcy court, such claims are barred by estoppel.

114. To the extent an arbitration agreement may exist that requires the claims be resolved by binding arbitration Defendants intend to assert, and do not waive, any rights

available under any arbitration agreement and reserve the right to enforce any applicable arbitration agreement after conducting an initial investigation to determine whether a valid and enforceable arbitration agreement exists.

115. A two-year, rather than a three-year, statute of limitations applies to Plaintiff's FLSA and AMWA claims as Plaintiff cannot satisfy his burden of establishing that Defendants willfully violated the FLSA and the AMWA.

WHEREFORE, having fully answered the Complaint, Defendants Lary K. Zeno, III, Rock Solid Restoration and Construction, LLC, and Rock Solid Staffing, LLC, respectfully request that:

(a) Judgment be entered in their favor and all claims asserted in this action be dismissed with prejudice;

(b) Judgment be entered against Plaintiff in favor of Defendants for all costs and attorneys' fees incurred by them in defense of this action; and

(c) The Court grant such other relief as the Court may deem just and proper.

Respectfully Submitted,

John Keeling Baker
Ark. Bar No. 97024
Nathan A. Read
Ark Bar No. 2012137
Lauren S. Grinder
Ark. Bar No. 2015229
Attorneys for Defendants
**MITCHELL, WILLIAMS, SELIG,**
**GATES & WOODYARD, P.L.L.C.**
425 West Capitol Avenue, Suite 1800
Little Rock, AR 72201
Phone: 501-688-8800
jbaker@mwlaw.com
nread@mwlaw.com
lgrinder@mwlaw.com